MICHAEL H. WEISS (State Bar No. 110148)  JS-6
mweiss@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone: (310) 557-2900
Facsimile:  (310) 557-2193

JAMES B. BALDINGER (Florida Bar No. 869899)
*Admission Pro Hac Vice pending*
jbaldinger@carltonfields.com
CARLTON FIELDS, P.A.
525 Okeechobee Blvd., Suite 1200, P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: (561) 659-7070
Facsimile: (561) 659-7368

Attorneys for Plaintiff
T-Mobile USA, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T-MOBILE USA, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>C-Tech Wholesale Inc., a California Corporation; and Hassan Chaalan,<br><br>    Defendants. | Case No. CV-09-8232 VBF(PJWx)<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS C-TECH WHOLESALE, INC. AND HASSAN CHAALAN** |

Plaintiff T-Mobile USA, Inc. ("T-Mobile"), brought the above-captioned lawsuit against Defendants C-Tech Wholesale, Inc. and Hassan Chaalan

15954111.1

("Defendants") asserting that Defendants are engaged in an unlawful enterprise involving the acquisition, sale, and alteration of large quantities of T-Mobile prepaid wireless telephones ("T-Mobile Prepaid Handsets" or "Handsets") and SIM Cards, PIN numbers, and/or other mechanism, process or materials used to activate service or acquire airtime in connection with an activation, including but not limited to T-Mobile's FlexPay$^{SM}$ program ("Activation Materials") that causes substantial and irreparable harm to T-Mobile (the "Subsidy Theft Scheme").

Defendants allegedly perpetrate the Subsidy Theft Scheme by acquiring bulk quantities of T-Mobile Prepaid Handsets, which include T-Mobile Activation Materials, from retail stores, such as Wal-Mart or Target. Defendants allegedly solicit others to purchase T-Mobile Prepaid Handsets and Activation Materials in bulk for their own benefit. Defendants allegedly acquire the T-Mobile Prepaid Handsets with the actual or constructive knowledge and intent that they will not be activated for use on the T-Mobile prepaid wireless network and that the Handsets will be computer-hacked. The purpose of this hacking, known as "unlocking," is to erase, remove and/or disable proprietary software installed in the Handset, which enables the use of the T-Mobile Prepaid Handsets exclusively on T-Mobile's prepaid wireless system. The unlocked Handsets are then allegedly trafficked and resold overseas, at a premium, under the T-Mobile trademarks for unauthorized use outside of Plaintiff's prepaid wireless system and the Activation Materials that come with the Handsets are illicitly sold and/or fraudulently activated to appropriate airtime.

T-Mobile Prepaid Handsets are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the T-Mobile Prepaid Handsets. These Terms and Conditions are set forth in printed inserts that are included in the packaging with every T-Mobile Prepaid Handset, and are also available to the public on T-Mobile's website. The Terms and Conditions are referenced in printed warnings that are placed on the outside of the

15954111.1

retail packaging of the Handsets. T-Mobile alleges that the Terms and Conditions and language on the packaging constitute a valid binding contract.

Pursuant to the Terms and Conditions and the language on the packaging, purchasers of T-Mobile Prepaid Handsets agree, among other things: not to use the Handsets for a fraudulent purpose that "negatively impact[s] [T-Mobile's] customers, employees, business, ability to provide quality service, [and] reputation." T-Mobile Terms and Conditions, ¶ 7.

As a result of the Subsidy Theft Scheme, T-Mobile has asserted claims against Defendants for breach of contract; federal trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B); unfair competition under Cal. Bus. & Prof. Code. § 17200, *et seq.*, contributory trademark infringement; tortious interference with business relationships and prospective advantage; harm to T-Mobile's goodwill and business reputation; civil conspiracy; unjust enrichment; and conspiracy to induce a breach of contract.

The Court, having reviewed the Complaint and file and being otherwise duly advised in the premises, it is hereby:

**ORDERED, ADJUDGED** and **DECREED** that:

**1.** This Court has jurisdiction over all the parties and all of the claims set forth in T-Mobile's Complaint.

**2.** The Court finds that T-Mobile has the right to use and enforce said rights in the standard character mark T-Mobile and a stylized T-Mobile Mark (collectively, the "T-Mobile Marks"), as depicted below:

**T· ·Mobile·**

T-Mobile uses the T-Mobile Marks on and in connection with its telecommunications products and services. Defendants' alleged use of the T-Mobile Marks without authorization in connection with the Subsidy Theft Scheme has caused, and will further cause, a likelihood of confusion, mistake and

15954111.1

FINAL JUDGMENT AND PERMANENT INJUNCTION

3

deception as to the source of origin of the counterfeit products, and the relationship between T-Mobile and Defendants.  Defendants' alleged activities constitute false designation of origin, false descriptions and representations, and false advertising in commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) and (B).  Defendants knew or should have known that T-Mobile is the exclusive licensee of the T-Mobile Marks and that Defendants had no legal right to use the T-Mobile Marks on infringing products.

   **3.**   The Court finds that the Terms and Conditions and the language on the packaging constitute a valid binding contract enforceable against purchasers of T-Mobile Phones.  The Court finds that facilitating others to use T-Mobile Prepaid Handsets in conjunction with service providers other than T-Mobile; tampering with or altering T-Mobile Prepaid Handsets, SIM cards and/or the Handsets' software; and/or entering unauthorized PIN numbers in the Handsets for purposes of unlocking the Handsets or facilitating others in such acts, constitute independent breaches of contract for which T-Mobile is entitled to relief.

   **4.**   The Court finds that the conduct set forth in the Complaint, if proven as alleged, would constitute breach of contract; federal trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B); unfair competition under Cal. Bus. & Prof. Code. § 17200, et seq., contributory trademark infringement; tortious interference with business relationships and prospective advantage; harm to T-Mobile's goodwill and business reputation; civil conspiracy; unjust enrichment; and conspiracy to induce a breach of contract. The Court further finds that the alleged Subsidy Theft Scheme would cause substantial and irreparable harm to T-Mobile, and would continue to cause substantial and irreparable harm to T-Mobile unless enjoined.

   **5.**   T-Mobile has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendants' alleged conduct.  T-Mobile is entitled to injunctive relief on the claims set forth in the Complaint.

    **6.**    Final judgment is hereby entered in the principal amount of Five Million Dollars and Zero Cents (US $5,000,000) that shall bear interest at the legal rate for which let execution issue forthwith, against Defendant C-Tech Wholesale, Inc., and in favor of the Plaintiff, T-Mobile USA, Inc., on all of the claims set forth in T-Mobile's Complaint.

    **7.**    Defendants C-Tech Wholesale, Inc. and Hassan Chaalan, and each and all of their respective officers, directors, successors, predecessors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, agents, employees, investigators, personal representatives, beneficiaries, and all other persons or entities acting or purporting to act for him/it or on his/its behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with any Defendant or any Defendant's representatives, agents, assigns, parent entities, employees, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with any Defendant who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

    a.    purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any T-Mobile Prepaid Handsets or Activation Materials;

    b.    purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any T-Mobile mobile device or Activation Material that Defendants know or should know bears any T-Mobile marks or any marks likely to cause confusion with the T-Mobile marks, or any other trademark, service mark, trade name and/or trade dress owned or used by T-Mobile now or in the future. Specifically, Defendants are enjoined from purchasing, selling, and/or shipping, directly or indirectly, all models of T-Mobile Prepaid

Handsets and related Activation Materials currently offered for sale by T-Mobile or that may be offered for sale in the future, as listed and updated from time to time on T-Mobile's website: http://www.t-mobile.com, regardless of whether such devices are, new or used, whether in or out of their original packaging, or whether "locked," "unlocked," or otherwise modified in any way by any person;

c. unlocking of any T-Mobile Handset;

d. accessing, altering, erasing, tampering with, deleting or otherwise disabling the software contained in any T-Mobile Prepaid Handset;

e. supplying T-Mobile Handsets or Activation Materials to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in unlocking T-Mobile Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in T-Mobile Handsets;

f. supplying T-Mobile Handsets or Activation Materials to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of locked or unlocked T-Mobile Handsets or Activation Materials; and

g. knowingly using the T-Mobile Marks or any other trademark, service mark, trade name and/or trade dress owned or used by T-Mobile now or in the future, or that is likely to cause confusion with T-Mobile's marks, without T-Mobile's prior written authorization.

**8.** The purchase, sale or shipment of any T-Mobile Handsets or Activation Materials without T-Mobile's prior written consent within and/or outside of the continental United States and/or the sale of Activation Materials is and shall be deemed a presumptive violation of this permanent injunction.

**9.** The address of C-Tech Wholesale, Inc. is 4141 Ball Road, Cypress, California 90630.

**10.** The address of Hassan Chaalan is 4122 Elizabeth Court, Cypress, California 90630.

**11.** The address of Plaintiff, T-Mobile USA, Inc. is 12920 S.E. 38th Street, Bellevue, Washington  98006.

**12.** Defendants waive their right of appeal from the entry of this Final Judgment.

**13.** The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction and to enforce the terms of the parties' settlement agreement (including providing any rights or remedies contained therein).  Upon T-Mobile's filing of an affidavit or declaration that any one or all of the Defendants have defaulted under the settlement agreement or/and violated the Permanent Injunction, the Court shall find the Defendants in contempt and shall award T-Mobile compensatory damages in an amount of $5,000 for each T-Mobile prepaid handset or item of Activation Material that Defendants are found to have purchased, sold, or unlocked in violation of this Injunction.  The Court finds that these amounts are compensatory and will serve to compensate T-Mobile for its losses in the event a Defendant violates the terms of this Order.

**14.** The Court retains jurisdiction over this matter to enter a subsequent judgment for damages against Defendant Chaalan in the event of a violation of the terms of this injunction or the settlement agreement.

1   **15.** The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is
2   no just reason for delay and orders that Judgment shall be entered against
3   Defendants as set forth herein.

4   DONE AND ORDERED in Chambers this <u>24TH</u> day of <u>November</u>, 2009.

*/s/ Valerie Baker Fairbank*
_____
JUDGE, UNITED STATES DISTRICT COURT